## FEDERAL OPINIONS

### No. 559

WASHINGTON WATER CO. v. PARRETT

U. S. Appeals, 6th Circuit.
No. 4349.  Jan. 5, 1926.

460.  EQUITY.—Where destruction of a dam in a stream would cause a loss, disportinate to damage caused to land; and where reimbursement can be had for damages, it would be inequitable to require removal.

PER CURIAM:

Frank Parrett brought an action against the Washington Water Co. in the Fayette Common Pleas seeking to enjoin the Company from building a dam in Paint Creek. He alleged that if the dam was constructed, it would cause the water to overflow his land, and render it boggy so as to interfere with drainage; thus making the land unfit for cultivation and pasturage.

(Continued on next page)

# The Leading Law Paper

IS THE

# OHIO
# LAW ABSTRACT

## ITS UNPARALLELED GROWTH

### Emphasizes Its Usefulness

The Abstract now serves THE BIGGEST CLIENTELE any Law Paper has ever secured in Ohio.  And its Subscription List is Constantly Growing.

## HUNDREDS OF ITS SUBSCRIBERS

## TAKE NO OTHER LAW PAPER

   And Hundreds More Borrow It
   From Obliging Neighbors
   And Read It

It Now Reports OVER 1,000 OPINIONS a year, about two-thirds of which are

# Published Exclusively
# in the Abstract

It presents them all in a simple way that makes them easy, quick and pleasant to read, and reflect upon, and it is possible to remember them.

Most of these cases are LOST TO THE LAWYER that goes without The Abstract.

It disseminates annually Case Law sufficient for a dozen ordinary sized volumes of Official Reports, and DIGESTS THEH ALL TO PERFECTION.

One of its many cases may SAVE you losing, or SERVE your winning, one or more actions you are handling, or help you in advising some client, and thus BENEFIT YOU far beyond the subscription cost.

### SEND IN YOUR SUBSCRIPTION TODAY

   If You Have Not Become a Subscriber
Or Your Renewal, if You Have Not Renewed

The case was removed to the United States District Court by the defendant and Parrett filed a supplemental petition setting forth that the dam was constructed; and he prayed for a mandatory order requiring the Company to remove the dam.

The trial court found that the dam in time of freshets delayed the subsidence of water and created some appreciable damage, though slight, to Parrett's land. The Company was ordered to remove the dam or so correct and alter it as to carry off the water without backing it into Parrett's land. The Company appealed and the Circuit Court held:

1. The removal of the dam would entail a heavy loss upon the Water Co., wholly disproportinate to the damage that would result to Parrett's land.

2. No directions were given in regard to altering the dam, nor does it otherwise appear that any reasonable alteration thereof, less than complete destruction, would prevent the slight damage to Parrett's property.

3. To require destruction of the dam is inequitable, because of slight damage to Parrett's land, for which he may be reimbursed in damages.

4. Decree vacated and cause remanded, District Court to ascertain and assess damages; or if plaintiff so elects the damages may be ascertained as in an action at law.

Attorneys—John Logan, Washington; Joseph S. Graydon and Maxwell & Ramsey, Cincinnati for Company; A. E. Clevenger, Cleveland, and John W. Peck, Cincinnati for Parrett.